IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **VERONICA BRATU,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-00079-O-BP |
| § | |
| **COMMISSIONER OF** § | |
| **SOCIAL SECURITY,** § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Plaintiff's Unopposed Application for Attorney Fees Under the Equal Access to Justice Act filed December 7, 2022 and Defendant's Response to Plaintiff's Motion for Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412, filed on December 9, 2022. ECF Nos. 26 and 28, respectively. After reviewing the Application, Response, and applicable legal authorities, noting that Defendant does not oppose the Application, and for good cause shown, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Application.

The Court finds that Plaintiff, Veronica Bratu, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $211.25 per hour for services performed in 2021 and 2022. The Court further finds that Plaintiff is entitled to recover compensation for attorney services incurred of 26.5 hours in 2021 and 2022, for an attorney fee award of $5,598.12. Finally, the Court finds that Bratu is entitled to reimbursement of the court filing fee of $402.00, payable from the Judgment Fund

by the Department of the Treasury under 31 U.S.C. § 1304. The total amount of the award to which Bratu is entitled is $6,000.12.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Veronica Bratu, and mail to her attorney, Jonathan Heeps, Law Office of Jonathan A. Heeps, P.O. Box 173472, Arlington, TX 76003, attorney fees under the Equal Access to Justice Act, in the total amount of $5,598.12 for 26.5 hours of service in 2021 and 2022 at a rate of $211.25 per hour, and receive reimbursement of the court filing fee in the amount of $402.00, payable from the Judgment Fund by the Department of the Treasury under 31 U.S.C. § 1304, for a total award of $6,000.12.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on January 11, 2023.

                                                                                   _____
                                                                                    Hal R. Ray, Jr.
                                                                                    UNITED STATES MAGISTRATE JUDGE